IN THE CIRCUIT COURT OF BEDFORD COUNTY, TENNESSEE

MICHELLE WINCHESTER, Individually and as parent and next friend of COLTON SHREVE, a minor,

Plaintiffs,

Vs.

SPECTRUM BRANDS, INC., UNITED INDUSTRIES CORPORATION and WAL-MART STORES, INC.,

Defendants.

Civil Action No. 10462

JURY DEMANDED

Filed this 8 day of July 05
THOMAS A. SMITH, CLERK
CIRCUIT & GENERAL SESSIONS
BEDFORD COUNTY, TENNESSEE
BY Jane Carr
DEPUTY CLERK

# COMPLAINT

Plaintiffs, Colton Shreve, a minor, by his parent and next friend, Michelle Winchester, and Michelle Winchester, individually, for their cause of action, respectfully state to the Court and jury as follows:

1. Colton Shreve, a minor child, was born on May 4, 1990. He is the son of Michelle Winchester, a resident and citizen of Bedford County, Tennessee.

2. Spectrum Brands, Inc., is a Wisconsin corporation doing business in the State of Tennessee. The agent for service of process of Spectrum Brands, Inc. is C T Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee.

3. United Industries Corporation is a foreign corporation doing business in the State of Tennessee. United Industries Corporation's address is 8494 Chapin Industrial Drive, Post Office Box 142642, St. Louis, Missouri 63114-0642.

EXHIBIT
A

4. Wal-Mart Stores, Inc. is the largest retail enterprise in the United States, with its principal place of business in Bentonville, Arkansas. The agent for service of process for Wal-Mart Stores, Inc. is C T Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Knox County, Tennessee.

5. On or about July 8, 2004, the minor plaintiff, Colton Shreve, participated in a church-sponsored project clearing brush from the property of an elderly member of his church. While working at the property, Colton Shreve was attired in blue jeans, a t-shirt, and tennis shoes. During the course of the day, Colton Shreve applied Cutter Insect Repellent from an aerosol spray can to the exposed parts of his body on three occasions. These body parts included his arms, face and neck.

6. The Cutter Insect Repellent used by Colton Shreve on July 8, 2004, had been purchased from the Wal-Mart store located in Bedford County, Tennessee, a store owned and operated by the Defendant, Wal-Mart Stores, Inc.

7. Within a short time following his third application of Cutter Insect Repellent spray, Colton Shreve ignited a lighter being held in his right hand. Immediately thereafter, Colton Shreve's body was engulfed in flames.

8. Colton Shreve was transported to Bedford County Medical Center by private vehicle, where he was examined in the Emergency Room. Colton Shreve was found to have severe burns about his arms and face, the same areas where he had previously applied the Cutter Insect Repellant.

9. Due to the severity of his injuries, Colton Shreve was transported from the Bedford County Medical Center to the Vanderbilt University Medical Center by

helicopter. Upon his admission to Vanderbilt University, Colton Shreve was diagnosed as having suffered third- and fourth-degree burns to his arms and face.

10. A determination was made by Colton Shreve's treating physicians at Vanderbilt University Medical Center that Colton Shreve had sustained subcutaneous chemical burns to the aforementioned body parts. The chemical burns were caused by the Cutter Insect Repellent Colton Shreve had applied shortly before he sustained the subject injuries. After extensive treatment, numerous surgeries and skin grafts, Colton Shreve was discharged from Vanderbilt University Medical Center on August 2, 2004. He has continued to receive extensive medical treatment since his initial discharge and will continue to do so in the future.

11. Spectrum Brands, Inc. and United Industries Corporation designed, manufactured, produced, assembled, distributed, and sold insect repellant under the brand name of Cutter Insect Repellent. Alternatively, Spectrum Brands, Inc. is the successor to, owner of, an entity that controls United Industries Corporation.

12. Spectrum Brands, Inc. and United Industries Corporation were negligent, and their negligent acts and omissions to act were a proximate cause of the damages sustained by the plaintiffs. Those negligent acts include, but are not limited to:

A. Designing, manufacturing, producing, assembling, distributing, promoting, marketing and selling a defective and unreasonably dangerous product which they knew subjected children like Colton Shreve to an unreasonable risk of harm.

B. Failing to appropriately warn the known and expected users of the Cutter Insect Repellent product, children the age of Colton Shreve, of the dangerous

characteristics of Cutter Insect Repellent in terms the known and expected users of the product could understand.

C. Failing to design and manufacture Cutter Insect Repellent to be reasonably safe for its known and expected use.

D. Failing to exercise ordinary and reasonable care under the circumstances.

13. Cutter Insect Repellent was designed, manufactured, produced, assembled, distributed, labeled, marketed and sold by Spectrum Brands, Inc. and United Industries Corporation, in an unreasonably dangerous and defective manner, making these defendants strictly liable to the plaintiffs for their injuries and damages.

14. The Cutter Insect Repellent was defective and unreasonably dangerous at the time it left the custody and control of Spectrum Brands, Inc. and United Industries Corporation, and was dangerous to an extent beyond that which would have been contemplated by the ordinary consumer who purchased it with the ordinary knowledge common to the community with regard to the product's characteristics.

15. Spectrum Brands, Inc. and United Industries Corporation breached implied warranties in favor of the plaintiffs. T.C.A. 47-2-318. The product was unfit for use by or in the vicinity of children. The product was not appropriately labeled and packaged so as to adequately warn the expected users of the dangers associated with the product. These defendants breached the implied warranty of merchantability of T.C.A. 47-2-314(2)(c) and T.C.A. 47-2-314(2)(e).

16. Wal-Mart Stores, Inc. breached implied warranties in favor of the plaintiffs. T.C.A. 47-2-318. The product was unfit for use by or in the vicinity of children. The product was not appropriately labeled and packaged so as to adequately warn the

expected users of the dangers associated with the expected, foreseeable use of the product. This defendant breached the warranty of merchantability implied by law. T.C.A. 47-2-314(2)(c) and T.C.A. 47-2-314(2)(e).

17. Wal-Mart Stores, Inc. violated the Tennessee Consumer Protection Act, T.C.A. 47-18-104(5), (21) and (27). By selling the Cutter Insect Repellent, Wal-Mart Stores, Inc. has represented that the product was appropriate for use by children. Wal-Mart Stores, Inc. has engaged in a practice deceptive to the consumers of the product by selling a product with the knowledge that the consuming public did not know or appreciate the inherent danger associated with normal, expected use of the product.

18. Wal-Mart Stores, Inc. has the duty to only sell products that are reasonably safe for their known and expected use in the hands of the purchaser. Wal-Mart Stores, Inc. negligently sold the Cutter Insect Repellent, which created an unreasonable risk of harm to Colton Shreve.

19. The acts and omissions of the defendants were the cause in fact and proximate cause of the injuries sustained by the plaintiffs.

20. Colton Shreve has undergone surgical and medical procedures, pain and suffering, loss of enjoyment of life, physical and mental scars, disability and disfigurement. His mother, Michelle Winchester, has incurred health care expenses as a direct result of his injuries, anxiety, mental distress, anguish and fear for the safety of her son, and she has been denied the comfort and pleasure of his companionship.

WHEREFORE, THE PLAINTIFFS PRAY:

1. That they be awarded compensatory damages in the amount of $5,000,000.00;
2. That they be awarded pre-judgment and post-judgment interest;

3. That the cost of suit be assessed against the Defendants; and

4. That they have such other and further relief to which they may be entitled.

Respectfully Submitted,

Raymond W. Fraley, Jr. #2586
Fraley & Hill
205 East Market Street
Post Office Box 572
Fayetteville, Tennessee 37334
931/433-7104

Olen G. Haynes #0587
Arnold, Haynes & Sanders
207 East Main Street
Post Office Box 1879
Johnson City, Tennessee 37605-1879
423/923-0165

John H. Norton, III #5069
East Side Square
Post Office Drawer 37
Shelbyville, Tennessee 37162
931/684-4824

I GO SURETY FOR COST.

Raymond W. Fraley, Jr., Attorney